**In re DILLARD DEPARTMENT STORES, INC., Relator.**

No. 04–1132.

Supreme Court of Texas.

March 3, 2006.

Nissa M. Dunn, Crofts & Callaway, P.C., Robert A. Valadez, Mark A. Giltner, Shelton & Valadez, P.C., San Antonio, for relator.

John P. Mobbs, George Paul Andritsos, El Paso, for real party in interest.

PER CURIAM.

In this original proceeding, relator Dillard Department Stores, Inc. seeks to compel arbitration of a retaliatory discharge claim filed by its former employee. The trial court denied Dillard's motion to compel, and the court of appeals rejected Dillard's petition for writ of mandamus. 153 S.W.3d 145. Because the trial court clearly abused its discretion in denying the motion to compel arbitration, we conditionally grant Dillard's petition for writ of mandamus.

Delia Garcia worked as a sales associate at Dillard's Sunland Park store in El Paso. In August 2000, Dillard adopted an arbitration policy covering most employment disputes, including retaliatory discharge. In 2002, Garcia was fired six months after requesting workers' compensation benefits for work-related injuries. Garcia filed the underlying suit for retaliatory discharge, and Dillard moved to compel arbitration. In response, Garcia alleged that she never agreed to the arbitration policy, and even if she had, the agreement would be unenforceable because Dillard retained the right to modify the policy at any time, rendering its promise to arbitrate illusory.

■ An employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employer establishes that the employee received notice of its arbitration policy and accepted it. *In re Halliburton Co.,* 80 S.W.3d 566, 568 (Tex.2002), *cert. denied,* 537 U.S. 1112, 123 S.Ct. 901, 154 L.Ed.2d 785 (2003). Notice is effective if it unequivocally communicates to the employee definite changes in the employment terms. *Id.* (citing *Hathaway v. General Mills, Inc.,* 711 S.W.2d 227, 229 (Tex.1986)). If the employee receives notice and continues working with knowledge of the modified employment terms, the employee accepts them as a matter of law. *Id.*

■ The record establishes that, on August 27, 2000, Dillard presented its arbitration policy to employees at a mandatory meeting held inside the store before it opened for business that day. Employees received a packet of materials containing a summary, called the "Fairness in Action Program" (Program), a detailed guide, called the "Rules of Arbitration" (Rules), and an acknowledgment form, which constituted the cover page of the Rules. The acknowledgment form briefly explained Dillard's arbitration policy, stated an effective date of August 1, 2000, and conspicu-

ously warned that employees were deemed to accept the policy by continuing their employment. In *Halliburton,* we concluded that similar information unequivocally notified employees of definite changes in their employment terms. *Id.* at 568–69. Garcia continued her employment at Dillard until 2002. Thus, if Garcia received the acknowledgment form, she agreed to Dillard's arbitration policy. For the reasons explained below, we conclude that the trial court clearly abused its discretion in finding that Garcia did not receive it.

■ In reviewing findings of fact in a mandamus proceeding, we cannot substitute our judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). Instead, the relator "must establish that the trial court could reasonably have reached only one decision," and that its finding to the contrary is "arbitrary and unreasonable." *Id.* at 840 (citations omitted). Accordingly, the question presented is whether the evidence compels a finding that Garcia received the acknowledgment form.

■ The acknowledgment form provided a place for the employee's signature acknowledging receipt of the Rules. Dillard collected the signatures and stored them in its personnel files, but was unable to produce Garcia's form or a witness who remembers seeing Garcia at the meeting. Dillard contends, however, that Garcia's affidavit and other evidence clearly establish that she received the acknowledgment form. Garcia's affidavit states:

In the fall of 2000 I was presented with a document by my employer that I was asked to sign. I was presented the document during a sales meeting at which time the arbitration agreement was not explained. I read the document which provided for a short explanation of the program to arbitrate claims against Dillard's. . . . I refused to sign the agree-

ment because I did not agree to be bound by terms of the agreement.... I was never told or instructed by any employee of Dillard's that if I continued my employment I would be bound by the terms of any arbitration agreement. I was never presented with a copy of the Dillard's Fairness in Action Program or Rules of Arbitration....

Garcia does not deny that the "fall of 2000" meeting was held on August 27, nor that the "document" she read was the acknowledgment form. Indeed, Garcia cannot do so because payroll records show that she clocked in on August 27 at 9:48 a.m., just twelve minutes before the meeting began. In addition, the store did not open for business until noon, and the meeting was held in the women's shoes department, where Garcia was a sales associate. The court of appeals identified two factors as supporting a finding that the "document" Garcia received was not the acknowledgment form. First, it observed that the acknowledgment form constituted the cover page of the Rules, and Garcia specifically denied receiving the Rules. 153 S.W.3d at 150. Although this "attachment" factor has some logical appeal, Garcia does not deny receiving the acknowledgment form, and the record contains uncontroverted evidence that the Program, Rules, and acknowledgment form were the only arbitration documents distributed to employees. More importantly, the acknowledgment form meets Garcia's description of a document that provided a short explanation of the arbitration program and a place for the employee's signature.

The second factor relied upon by the court of appeals was Garcia's statement that she refused to sign the document because she "did not agree to be bound by terms of the agreement." From this, the court inferred that Garcia did not receive the acknowledgment form because it stated that the employee would be bound by continuing his or her employment, not by a signature. 153 S.W.3d at 150. The court assumed that Garcia correctly interpreted the legal effect of language contained in some other arbitration "document" she read in the fall of 2000. The evidence in the record, especially Garcia's affidavit, compels a finding that Garcia received the same acknowledgment form everyone else received. Therefore, the trial court committed a clear abuse of discretion in finding no agreement to arbitrate.

■ In the trial court and in both mandamus briefs, Garcia argued that, even if she agreed to arbitrate, the agreement is illusory and unenforceable. The court of appeals did not expressly consider this issue, but we do so here, as it constitutes an alternative ground to support the trial court's denial of Dillard's motion to compel arbitration. *See* TEX. R. APP. P. 47.1; 53.4.

The enforceability of an arbitration agreement is a question of law. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003). In a mandamus proceeding, we review a trial court's legal conclusions with limited deference because the trial court has "no discretion in determining what the law is or applying the law to the facts." *Walker*, 827 S.W.2d at 840. Accordingly, we will determine whether Dillard's arbitration agreement is illusory.

■ As a starting point, Garcia concedes that nothing in the Rules expressly reserves to Dillard a right to unilaterally modify its arbitration policy.[1] Garcia con-

---

1. *Cf. J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 230 n. 2 (Tex.2003) (citing cases supporting the rule that "if a party retains the unilateral, unrestricted right to terminate the arbitration agreement, it is illusory."); *Tenet Healthcare Ltd. v. Cooper*, 960 S.W.2d 386, 388–89 (Tex.App.—Houston [14th Dist.] 1998, pet. dism'd w.o.j.) (holding that an arbitration agreement in an employee handbook was illusory where the employer expressly reserved a right to unilaterally rescind any provisions of the handbook).

tends that Dillard nevertheless retained this right because the Rules state that the arbitration agreement does not modify the employee's at-will relationship. Consequently, Garcia argues, the arbitration agreement, like her at-will employment, is terminable at any time, thereby rendering it illusory. This argument is without merit because an arbitration agreement is not illusory, despite being formed in an at-will employment relationship, if the promises to arbitrate do not depend on continued employment. *In re Halliburton*, 80 S.W.3d at 569. Dillard's arbitration materials supply no basis for construing the agreement as contingent on continued employment. To the contrary, the Program and Rules clearly indicate that the primary purpose of the agreement is to resolve claims that arise in connection with the employee's separation. Thus, Garcia's at-will status, standing alone, does not render the arbitration agreement illusory.

Finally, Garcia contends that, despite the absence of an express reservation, Dillard retained a right to unilaterally modify the arbitration agreement because it exercised this power in 2002 by drafting a new arbitration policy. Garcia envisions Dillard's 2002 policy as retroactively amending her preexisting agreement to arbitrate under the 2000 policy, yet nothing in the record supports this view. An employer may adopt a new policy or amend an existing one at any time, and the changes will not affect employees who do not receive notice of the changes and accept them. *Id.* at 568. It is undisputed that Dillard did not notify Garcia of the 2002 modifications. Thus, neither the law nor the record support Garcia's contention that Dillard unilaterally modified her arbitration agreement.

The trial court clearly abused its discretion in denying Dillard's motion to compel arbitration. Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus and order the trial court to vacate its order denying Dillard's motion to compel arbitration, and to enter a new order compelling arbitration of Garcia's claims. TEX. R. APP. P. 52.8(c). We are confident the trial court will comply, and our writ will issue only if it does not.