IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS

 

════════════

No. 05-0706

════════════

 

In re Dallas Peterbilt, Ltd.,
L.L.P., Relator

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

PER CURIAM

 

 

In
this original proceeding, relator Dallas Peterbilt, Ltd., L.L.P. seeks to
compel arbitration of claims filed by its former employee, William Harris. The
trial court denied Peterbilt’s motion to stay proceedings and to compel
arbitration, and the court of appeals summarily denied mandamus relief. __
S.W.3d __, 2005 Tex. App. LEXIS 6768.
Because the parties entered into a binding arbitration agreement that covers
Harris’s claims, we conclude that the trial court abused its discretion in
denying Peterbilt’s motion to compel arbitration. We conditionally grant
mandamus relief. 

On
January 1, 1999, American TruckSource, Inc., Peterbilt’s holding company,
instituted a dispute resolution program. Part of this program required
employees to resolve certain work-related disputes via binding arbitration. When
Harris commenced his at-will employment with Peterbilt in December 1999, he
received a copy of a “Summary Plan Description of Mutual Agreement to Arbitrate
Claims” (Summary), which outlined the Mutual Agreement to Arbitrate Claims. Harris
claims he never received the Mutual Agreement to Arbitrate Claims, which is
part of the record, but he signed an acknowledgment form indicating that he
received the Summary and understood that by accepting employment, he was
relinquishing his right to resolve covered claims “by filing a lawsuit or
seeking damages in any federal, state, or municipal court of
law . . . .” The Summary’s list of covered claims includes
tort, discrimination, harassment, wrongful termination, and also “[c]laims for
a violation of any federal, state, or other governmental law.” In March 2002,
Peterbilt terminated Harris’s employment, and in 2003, rather than request
arbitration, Harris filed suit against Peterbilt in state district court for
discrimination, retaliation, defamation, and other torts. Peterbilt then sought
to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1–16. 

An
employer may enforce an arbitration agreement entered into during an at-will
employment relationship if the employee received notice of the employer’s
arbitration policy and accepted it. In re Dillard Dep’t Stores, Inc., __
S.W.3d __,__, 2006 Tex. LEXIS 196, at *2 (Tex. 2006) (per curiam) (citing
In re Halliburton Co., 80 S.W.3d 566, 568 (Tex. 2002)). In granting
mandamus relief in Halliburton, we stressed the importance of notice and
emphasized that the employee there received a one-page summary of the agreement
to arbitrate. 80 S.W.3d at 568–69; see also Hathaway v. Gen. Mills, Inc.,
711 S.W.2d 227, 229 (Tex. 1986) (holding that notice is provided if the
employee has knowledge of the employment terms). Harris argues that the Summary
is immaterial and that only the underlying agreement itself, which he says he
never received, can provide notice. We disagree. When determining whether an
employee received notice of a binding arbitration agreement, our cases do not
confine that “notice analysis” to the underlying agreement, but to all
communications between the employer and employee. See In re Halliburton Co.,
80 S.W.3d at 569 (holding that a notice and summary given to the employee was
unequivocal notice); Hathaway, 711 S.W.2d at 229 (holding that
contradicting written and oral communications did not constitute conclusive
proof of unequivocal notice).

The
six-page Summary and accompanying signed acknowledgment form notified Harris
that arbitration would be required for resolving covered claims and
specifically described which claims are covered under the plan. Harris contends
he did not receive the Summary either. But the acknowledgment form states,
right above his signature: “I acknowledge that I have received and carefully
read or been given the opportunity to read the [Summary].” Consequently, we
find that Peterbilt’s Summary constitutes effective notice because it
unequivocally provided Harris with knowledge of the arbitration agreement. See
In re Dillard Dep’t Stores, Inc., __ S.W.3d at __, 2006 Tex. LEXIS 196, at
*2.

Having
established that Harris received notice of the binding arbitration agreement,
we next determine whether Harris accepted the agreement. An at-will employee
who receives notice of an employer’s arbitration policy and continues working
with knowledge of the policy accepts the terms as a matter of law. Id. It
is undisputed that Harris was an at-will employee, and his signed
acknowledgment form indicates that continuing or accepting employment will
result in automatic coverage under the dispute resolution program. Therefore,
we find that by signing the acknowledgment form and commencing his employment,
Harris accepted the agreement as a matter of law.

In
order to compel arbitration, Peterbilt must also show that the claims raised
fall within the scope of the agreement. In re Oakwood Mobile Homes, Inc.,
987 S.W.2d 571, 573 (Tex. 1999) (per curiam). Harris sued Peterbilt for race
discrimination, retaliation, tortious interference, defamation, and intentional
infliction of emotional distress. The Summary provides that the agreement
covers claims for tort, discrimination, wrongful termination, and violation of
law. The Mutual Agreement to Arbitrate Claims confirms that those claims are
covered. We hold that the claims covered under the agreement include all claims
that Harris brought against Peterbilt.

We
conclude that a valid arbitration agreement exists and that Harris’s claims
fall within the scope of the agreement. The trial court clearly abused its
discretion in denying Peterbilt’s motion to compel arbitration. See Jack B.
Anglin Co. v. Tipps, 842 S.W.2d 266, 272–73 (Tex. 1992) (noting there is no
adequate remedy by appeal for a party denied its contracted-for arbitration
right under the FAA). Accordingly, without hearing oral argument, we
conditionally grant the writ of mandamus. Tex.
R. App. P. 52.8(c). We order the trial court to vacate its order denying
Peterbilt’s motion to compel arbitration and to enter a new order compelling
arbitration of Harris’s claims. The writ will issue only if the trial court
fails to comply.

 

Opinion delivered:         June 16, 2006