NO. 07-08-0370-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 9, 2009



______________________________





IN RE C.S., RELATOR



_________________________________





Before CAMPBELL, HANCOCK and PIRTLE, JJ.
OPINION
          In this mandamus proceeding, relator C.S.


 contends the trial court erred by setting
aside an acknowledgment of paternity signed by real party in interest M.T., ordering C.S.,
her biological son Z. and M.T. submit to genetic testing, and failing to order the results of
earlier private genetic testing destroyed. Finding the record does not support the
extraordinary relief C.S. seeks, we will deny her petition on each ground alleged. 
Background
          Z. was born in May 2007, to C.S. The following day, she and M.T. signed an
acknowledgment of paternity for recording with the bureau of vital statistics. It was
recorded June 13. In the acknowledgment, among other things, C.S. and M.T. declared
under penalty of perjury that M.T. was the biological father of Z. C.S. subsequently filed
for divorce from M.T. alleging they were married “on or about July 7, 2007.” In an
amended answer filed May 14, 2008, M.T. challenged the acknowledgment of paternity on
the ground of fraud, duress, or material mistake of fact.
          Following an evidentiary hearing, the trial court signed an order finding M.T. signed
the acknowledgment of paternity under a material mistake of fact. It set aside the
acknowledgment of paternity and further ordered genetic testing of Z., C.S., and M.T.
nineteen days from the order date. On the motion of C.S., we temporarily stayed the
genetic testing, pending our consideration of her petition.


 
Discussion
          A relator petitioning for relief by mandamus must show a clear abuse of discretion
and the absence of an adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004). Mandamus is not a substitute for an ordinary appeal;
rather, it is an extraordinary remedy available only in limited circumstances, and not for
grievances that may be addressed by other remedies such as an appeal. Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).
          A clear abuse of discretion requires proof that “‘the trial court could reasonably have
reached only one decision,’ and that its finding to the contrary is ‘arbitrary and
unreasonable.’” In re Dillard Dep’t Stores, Inc., 198 S.W.3d 778, 780 (Tex. 2006) (orig.
proceeding) (per curiam) (quoting Walker, 827 S.W.2d at 840). An appellate court may not
deal with disputed areas of fact in an original mandamus proceeding. In re Angelini, 186
S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). Nor, in reviewing findings of fact in a
mandamus proceeding, may an appellate court substitute its judgment for that of the trial
court. Dillard Dep’t Stores, 198 S.W.3d at 780. There is therefore no abuse of discretion
if the trial court bases its decision on conflicting evidence and some evidence supports the
trial court’s decision. In re Barber, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). 
The Acknowledgment of Paternity
          In her first ground for relief by mandamus, C.S. contends the trial court erred by
setting aside M.T.’s acknowledgment of paternity. 
          Section 160.304 of the Family Code specifies that an acknowledgment of paternity
becomes effective on the date of the birth of the child or the filing of the document with the
bureau of vital statistics, whichever is later. Tex. Fam. Code Ann. § 160.304(c) (Vernon
2002). “Except as provided by Sections 160.307 and 160.308, a valid acknowledgment
of paternity filed with the bureau of vital statistics is the equivalent of an adjudication of the
paternity of a child and confers on the acknowledged father all rights and duties of a
parent.” Tex. Fam. Code Ann. § 160.305(a) (Vernon 2002).
          Sections 160.307 and 160.308 establish the process for rescinding and challenging
an adjudication of paternity. Section 160.307 provides in pertinent part that a signatory
may rescind an acknowledgment of paternity by commencing a proceeding to rescind
before the earlier of: (1) the 60th day after the effective date of the acknowledgment, as
provided by section 160.304; or (2) the date of the first hearing in a proceeding to which
the signatory is a party before a court to adjudicate an issue relating to the child, including
child support. See Tex. Fam. Code Ann. § 160.307 (Vernon 2002). Following the
expiration of the period for rescission under section 160.307, a signatory may initiate a
proceeding challenging the acknowledgment of paternity on the ground of fraud, duress
or material mistake of fact. See Tex. Fam. Code Ann. § 160.308(a) (Vernon Supp. 2008). 
An adult signatory must initiate a proceeding challenging the acknowledgment “before the
fourth anniversary of the date the acknowledgment . . . is filed with the bureau of vital
statistics . . . .” Tex. Fam. Code Ann. § 160.308(a) (Vernon Supp. 2008). Proof by genetic
testing of the male signatory’s non-paternity constitutes a material mistake of fact under
section 160.308(a). See Tex. Fam. Code Ann. § 160.308(d) (Vernon Supp. 2008). 
          As fact finder, the trial court heard and resolved contested testimonial and
documentary evidence presented by M.T. and C.S. To show the trial court’s resolution of
these contested facts amounts to a clear abuse of discretion, C.S. must demonstrate from
the record that the evidence runs only one way; viz., it is conclusive that M.T. did not sign
the acknowledgment of paternity under the influence of fraud, duress or a material mistake
of fact. See Dillard Dep’t Stores, 198 S.W.3d at 780. 
          According to the record evidence, prior to the birth of Z., C.S. informed M.T. of the
possibility that he was not the father of Z. because of a sexual encounter she had with
another man. M.T. testified he wanted to be a father so when he heard the baby’s
heartbeat and saw the sonogram he told C.S. they would work through the situation. But
C.S. agreed on cross-examination that between December 2006 and May 2007 she told
M.T. “on numerous occasions” he was the father of Z. And M.T. testified that in
conjunction with doctor visits during her pregnancy C.S. told him, “‘I’m positive you are the
dad.’” According to M.T., throughout the pregnancy he believed the statements of C.S.
that he was the father of Z. And believing these representations, he signed the
acknowledgment of paternity. Under penalty of perjury C.S. and M.T. acknowledged M.T.’s
parentage the day following the birth of Z. 
          When taken as a whole, the record evidence, if believed, constitutes some evidence
on which reasonable minds could disagree as to whether M.T. labored under a material
mistake of fact when he executed the acknowledgment of paternity. See Merrell Dow
Pharms., Inc. v Havner, 953 S.W.2d 706, 711 (Tex. 1997) (some evidence, meaning more
than a scintilla, exists when the evidence “rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions”). In the face of some evidence, we may
not say the trial court clearly abused its discretion in permitting M.T.’s challenge to the
acknowledgment of paternity to go forward. See Walker, 827 S.W.2d at 839-40 (record
must demonstrate trial court could have reached only one decision). Accordingly, we deny
C.S.’s first ground for mandamus relief.
 
          Genetic Testing
          C.S., secondly, seeks a writ of mandamus compelling the trial court to vacate its
order requiring genetic testing of M.T., C.S. and Z. The order of genetic testing remains
stayed pending our consideration of C.S.’s petition. 
          M.T. sought adjudication of the parent-child relationship and moved for genetic
testing. Subject to exceptions, Family Code § 160.502 requires a court to order genetic
testing if requested by a party in a proceeding to determine parentage. Tex. Fam. Code
Ann. § 160.502(a) (Vernon 2002). 
          C.S. claims irreparable harm will result if genetic testing proceeds. She relies on
case law holding that a trial court abuses its discretion by ordering genetic testing when a
child’s paternity has been legally established and a determination of parentage has not
been set aside, citing In re Rodriguez, 248 S.W.3d 444, 451 (Tex.App.–Dallas 2008, orig.
proceeding) and In re Att’y Gen. of Tex., 195 S.W.3d 264, 269 (Tex.App.–San Antonio
2006, orig. proceeding). Those cases are to be distinguished. In both, the party seeking
genetic testing brought the proceeding outside the four-year statutory limitation period. 
Rodriguez involved a proceeding to adjudicate parentage brought by a presumed father
later than four years after birth of the child, and the presumed father presented no
evidence supporting the exception to the four-year time limitation under § 160.607(b). 248
S.W.3d at 446; Tex. Fam. Code Ann. § 160.607 (Vernon Supp. 2008). In Att’y Gen. of
Tex., a challenge to an acknowledgment of paternity was brought after the fourth
anniversary of filing of the acknowledgment. 195 S.W.3d at 266; Tex. Fam. Code Ann. §
160.308 (Vernon Supp. 2008).


 There, the court noted the acknowledgment challenger
had “significant hurdles to overcome before his legal status as [the child’s] father can be
set aside.” Id. at 269-70.


 
          In this record, no such impediment appears to M.T.’s suit seeking adjudication of
parentage or his motion for genetic testing. M.T.’s challenge to the acknowledgment of
paternity was brought well within the time limitation, and we have found no abuse of
discretion in the trial court’s determination to permit his challenge to go forward. Nor does
the record reflect an abuse of discretion by the trial court in its ordering of genetic testing
of M.T., C.S. and Z.


 We deny C.S.’s second ground for mandamus relief and lift the stay
of court-ordered genetic testing. 
Destruction of Private Genetic Testing Results
          C.S. next requests we issue a writ of mandamus compelling the trial court to order
the results of private genetic testing undertaken by M.T. in June 2008 destroyed. In
support of her argument that such an order is reviewable by mandamus, C.S. again relies
on In re Rodriguez. 248 S.W.3d 444. For the reasons we have discussed, Rodriguez does
not provide support for C.S.’s contention. There the trial court ordered immediate genetic
testing on the request of a presumed father even though his proceeding to adjudicate
parentage was not brought within the four-year statutory limitation period, and the
presumed father failed to make even a prima facie case showing his entitlement to proceed
with his untimely-brought proceeding. Id. at 453. We do not find that at this juncture of the
proceedings the trial court clearly abused its discretion by refusing to order destruction of
private genetic testing results.
          But even were we to assume for the sake of argument the trial court abused its
discretion by signing the challenged order, the record must also show C.S. has no
adequate remedy by appeal. The adequacy of appellate remedy is without
“comprehensive definition.” Prudential, 148 S.W.3d at 136. Its determination necessitates
a careful balance of jurisprudential considerations implicating both public and private
interests.


 See id. The analysis naturally includes whether the benefits to mandamus
review are outweighed by the detriments. See id. An appeal is inadequate if a litigant is
in danger of permanently losing substantial rights. In re Van Waters & Rogers, Inc., 145
S.W.3d 203, 211 (Tex. 2004) (orig. proceeding). That circumstance may arise if an
appellate court would not be able to cure the error, the litigant’s ability to present a viable
claim or defense is vitiated, or the error cannot be made part of the appellate record. Id. 
          The interlocutory order of the trial court of which C.S. complains merely forbids
destruction of private genetic testing results obtained by M.T. in June 2008. Nothing in the
record before us shows that the alleged error could not be cured on appeal. C.S.’s third
ground for relief by mandamus is denied.
Conclusion
          Having found C.S. has not demonstrated entitlement to extraordinary relief on the
grounds alleged, we deny her petition for mandamus. This court’s stay of the trial court’s
order of genetic testing is lifted.
James T. Campbell

Justice




ans-serif">          “Hearsay” is an out-of-court statement “offered in evidence to prove the truth of the
matter asserted.” Tex. R. Evid. 801(d). A statement is not hearsay, by definition, if it is
offered against a party and is a statement by a co-conspirator of that party, made during
and in furtherance of the conspiracy. Tex. R. Evid. 801(e)(2)(E). Furthermore, a statement
which, at the time of its making, so far tended to subject the declarant to criminal
responsibility that a reasonable person in declarant’s position would not have made the
statement unless believing it to be true, is an exception to the general hearsay rule. Tex.
R. Evid. 803(23).
          The relevance of Woody’s statement that he was going to get some money was
that, if true, it tended to prove that Woody had joined a conspiracy, consisting of Cordova,
Appellant, and an unidentified third person, to obtain some money, in Pampa, by some
method, on the night of May 20, 2006; thereby inferring that Appellant also intended the
same thing. As such, it was the truth of his future intent that had any relevance. 
Statements concerning a declarant’s then existing state of mind, including his future intent
or plan, is an exception to the hearsay rule. See Texas Rules of Evidence 803(3); Saldivar
v. State, 980 S.W.2d 475 (Tex.App.–Houston [14th Dist.] 1998, pet. ref’d).
          Concerning Woody’s question, “Did the deal go through?,” the challenged statement
is not hearsay because it was not offered in evidence to prove the truth of the matter
asserted. A purely contextual out-of-court statement that is nothing more than a question
is not hearsay. Fischer v. State, 207 S.W.3d 846, 850 n.5 (Tex.App.–Houston [14th Dist.]
2006, aff’d on other grounds 252 S.W.3d 375 (Tex.Crim.App. 2008). 
          Finally, Cordova’s response, “It just didn’t go as planned,” inferentially tends to show
that Cordova committed or attempted to commit the offense that was the subject of the
previously discussed conspiracy, i.e., to obtain some money, in Pampa, by some method. 
When combined with other evidence, the probative force of which was to show that an
aggravated robbery was committed, in Pampa, by Cordova, it can be said that, at the time
of its making, the statement so far tended to subject the declarant (Cordova) to criminal
responsibility that a reasonable person in declarant’s position would not have made the
statement unless believing it to be true. Accordingly, the trial court did not err in admitting
the three challenged statements.
Issue Five - Witness’s “Sense” Testimony
          By his fifth and final issue, Appellant contends the trial court erred by allowing a
witness to testify as to the “sense” she had that a weapon was in the vehicle occupied by
Appellant on the evening prior to the robbery. Appellant further contends the error
substantially influenced the jury’s verdict, calling for a reversal of his conviction. 
Analysis
          Danielle Holmes testified that she was present the evening before the robbery when
Appellant, Carlos Cordova, and an unidentified third person came to her house and visited
with Woody about a “deal” in Pampa. When asked if she saw anyone with a gun, Holmes
replied:
You can hear it but, you know, it could have been some change, it could
have been whatever but you can, you know, – I don’t know how to explain it.
 
When then asked if she had a “sense” that there may have been weapons present, over
Appellant’s objection, she replied:
What I’m trying to say is you couldn’t tell what it was but you can see, you
know, it was something but you don’t know what it was, so I can’t really say
if it was a gun or a knife or whatever, but you can tell it was something – 
 
          Here, Holmes was permitted to give her personal opinion (or “sense”) as to whether
there was a weapon present when Appellant, Cordova, and a third party visited with Woody
concerning a “deal” that was to take place in Pampa. Pursuant to Texas Rule of Evidence
701, a lay witness may testify in the form of an opinion or inference if that opinion is (1)
rationally based on the perception of the witness and (2) it is helpful to a clear
understanding of the witness’s testimony or the determination of a fact issue. Scott v.
State, 222 S.W.3d 820, 827 (Tex.App.–Houston [14th Dist.] 2007, no pet.). The challenged
testimony was nothing more than Holmes’s opinion as to whether a weapon was present,
rationally based upon her auditory perception. It was helpful to a clear understanding of
her reasons for persuading Woody not to become involved in the events of that evening. 
The trial court’s decision to allow that testimony falls within the zone of reasonable
disagreement. Issue five is overruled.
Conclusion
          Accordingly, the trial court’s judgments are affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice





Do not publish.