# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00145-CV

---

### Stability Healthcare Staffing, LLC; Stability Healthcare Inc.; Jay Ryan Blecker; Jason Casani; and Jon Chesnik, Appellants

### v.

### Ryan Beres, Appellee

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-0612-C368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Stability Healthcare Staffing, LLC, Stability Healthcare Inc., Jay Ryan Blecker, Jason Casani, and Jon Chesnik (Stability Healthcare) appeal the district court's order denying appellants' motion to compel arbitration. Because we conclude that there was no valid agreement between the parties to arbitrate and that direct benefits estoppel does not apply, we affirm the district court's order denying the motion to compel arbitration.

### BACKGROUND

Appellee Ryan Beres joined Stability Healthcare as an owner, member, and partner in 2013. He was reimbursed as a partner, receiving a K-1 rather than a W-2. During the first quarter of 2017, Stability Healthcare told Beres to exchange his equity ownership for a W-2 employment relationship and repeatedly presented Beres with an employment handbook that

contained an arbitration agreement. Beres refused to sign the employment handbook containing the arbitration agreement and did not agree to becoming a W-2 employee.

In August or September of 2017, Stability Healthcare informed Beres that his services were no longer wanted, thereby terminating him from working at Stability Healthcare. In response, Beres sued Stability Healthcare seeking a declaratory judgment and asserting several causes of action, all of which center on Beres's status as a partner and owner of Stability Healthcare. Stability Healthcare removed the lawsuit to federal district court on the basis of diversity jurisdiction, but Stability Healthcare could not meet its burden of establishing the existence of federal jurisdiction. As a result, the federal district court remanded this lawsuit to state court. *Beres v. Stability Healthcare Staffing, LLC*, No. 1:18-CV-531-RP, 2018 U.S. Dist. LEXIS 223773 (W.D. Tex. Oct. 25, 2018). Stability Healthcare moved to compel arbitration under the Federal Arbitration Act, and the district court denied the motion. Stability Healthcare appeals.

## DISCUSSION

Whether an arbitration agreement is enforceable is subject to de novo review. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). "[W]hether an arbitration agreement binds a nonsignatory is a gateway matter to be determined by courts rather than arbitrators unless the parties clearly and unmistakably provide otherwise." *Id.* (citing *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding)). Nonsignatories to an agreement subject to the Federal Arbitration Agreement may be bound to an arbitration clause when rules of law or equity would bind them to a contract generally. *Id.*

Stability Healthcare asserts that: (1) Beres is "expressly bound" by the arbitration agreement because he continued to work at Stability Healthcare, and (2) Beres is equitably estopped from denying his obligation to arbitrate because he accepted the benefit of continued employment. Because these issues are dispositive, we do not reach Stability Healthcare's remaining arguments.

**Express Agreement to Arbitrate**

Stability Healthcare first asserts that Beres is expressly bound to the arbitration agreement. "Under the Federal Arbitration Act (FAA), ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding). Because of arbitration's contractual nature, it does "not require parties to arbitrate when they have not agreed to do so." *Id.* (quoting *Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478-79 (1989)). Beres rejected Stability Healthcare's unilateral attempts to restructure his status from a K-1 member-owner to a W-2 employee many times. Though Stability Healthcare presented the employee handbook and arbitration agreement to Beres multiple times, he intentionally refused to be bound by the terms in those agreements by not signing the handbook or any agreement presented to him that would have changed his status to that of an employee without an ownership interest in the business. He retained an attorney in order to protect his ownership interest from Stability Healthcare's attempts to change their professional relationship, further signaling his refusal to change that relationship. Rather than agree to a change of status or to the employee handbook containing the arbitration provision, Beres was terminated from working at Stability Healthcare. Because the record does not reflect Beres's agreement to the arbitration clause, we

3

cannot agree that by continuing to provide services to Stability Healthcare, Beres expressly agreed to the arbitration agreement he refused to sign.

**Equitable Estoppel**

Stability Healthcare argues that, in the absence of express agreement, Beres, is bound by the arbitration agreement under the doctrine of equitable estoppel because he continued to provide services to and accept payment from Stability Healthcare after refusing to sign the employee handbook or any other documents indicating acceptance of a change in employment status. Under direct benefits estoppel, which is a form of equitable estoppel, "a non-signatory plaintiff seeking the benefits of a contract is estopped from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes." *Id.* at 739. Employers may enforce an arbitration agreement with a nonsignatory employee if the employer provided notice of its arbitration agreement and the nonsignatory accepted the agreement. *In re Dillard Dep't Stores, Inc.,* 198 S.W.3d 778, 780 (Tex. 2006) (orig. proceeding). Notice is effective if it unequivocally communicates to the employee definite changes in the employment terms. *Id.* If the employee receives notice and continues working with knowledge of the modified employment terms, the employee accepts the terms as a matter of law. *Id.*

It is undisputed that Beres continued to provide services to Stability Healthcare while simultaneously exchanging messages with Stability Healthcare in which he refused to change his status with the business. The record is unclear as to whether Beres was an employee as well as being an owner or partner. However, the arbitration agreement did not provide notice that continued employment depended on accepting the agreement. Additionally, as described above, Beres repeatedly refused to sign the employee handbook and rejected Stability Healthcare's attempts to persuade him to relinquish his status as an owner or partner right up to

4

the time Stability Healthcare terminated him. Under the circumstances, we conclude that equitable estoppel does not apply here.

## CONCLUSION

Having overruled Stability Healthcare's appellate issues, we affirm the district court's order.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 6, 2019