

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00077-CV
_____

IN RE JENNIFER HEAIRET

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Relator, Jennifer Heairet, has filed a petition for a writ of mandamus asking this Court to direct the Honorable J. Andrew Bench, presiding judge of the 196th Judicial District Court of Hunt County, Respondent, to enter an order transferring the underlying cause, as it relates to H.L.B. and H.S.B., to Gregg County, and transferring the underlying cause, as it relates to H.L.B., to Hopkins County. We deny the mandamus petition.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). The relator is obligated to "provid[e] this Court with a sufficient record to establish [his] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. "[T]he relator 'must establish that the trial court could reasonably have reached only one decision,' and that its finding to the contrary is 'arbitrary and unreasonable.'" *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (per curiam) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

The Court, having examined and fully considered the petition for a writ of mandamus, the response of the real party in interest, the reply, the mandamus record, and the applicable law, and having noted the lack of an evidentiary hearing, is of the opinion that the petition should be denied.

2

Accordingly, we deny the petition for writ of mandamus.[1]

Jeff Rambin
Justice

Date Submitted:     November 2, 2023
Date Decided:       November 3, 2023

---

[1]As a result of our decision, we deny relator's motion to stay as moot.