

**In the**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

No. 06-24-00054-CV

IN RE ROBERT CHRISTOPHER YOUNG, JR., AND
LASHUN FUQUA AS INDEPENDENT ADMINISTRATOR OF
THE ESTATE OF LONNETTA JOHNSON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relators, Robert Christopher Young, Jr., and Lashun Fuqua, as independent administrator of the estate of Lonnetta Johnson, filed a petition for a writ of mandamus asking this Court (1) to vacate an order entered by Respondent, the Honorable Rebecca Simpson, sitting by assignment as the presiding judge of the County Court of Harrison County (County Court), that released sealed involuntary commitment records to the attorney for Relators, and (2) to direct Respondent to deny the Real Parties in Interest's motion for access to those records. We deny the mandamus petition.

As a result of the death of Young's mother, Johnson, Relators filed a civil rights action against the Real Parties in Interest—Harrison County, Texas, and Southern Health Partners, Inc.—in the United States District Court for the Eastern District of Texas, Marshall Division. During discovery in the federal suit,[1] the Real Parties in Interest filed an unopposed motion to obtain access to Johnson's sealed involuntary commitment records contained in court cases dating back to 2003[2] (the Records). The federal court denied the motion because it determined that it did not have clear authority to grant the relief. The Real Parties in Interest then filed a motion to obtain access to the Records pursuant to Section 571.015 of the Texas Health and Safety Code in the County Court. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.015. Relators opposed the motion filed in the County Court. After hearing arguments of counsel, the County

---

[1]The federal court entered a protective order that limits the access to "medical, mental health and psychiatric records" to the parties' attorneys, their attorney's experts, investigators, and employees, independent experts and their staff, certain claims examiners, and the parties and party representatives who are deposed or who testify at trial.

[2]The Records are contained in the court records of eleven separate cases in the County Court spanning nineteen years, from 2003 through 2019.

Court entered an order to release the Records to Relators' counsel. Relators have appealed that order and now file a petition for a writ of mandamus.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). Relators are obligated to "provid[e] this Court with a sufficient record to establish their right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); TEX. R. APP. P. 52.3. "[T]he relator[s] 'must establish that the trial court could reasonably have reached only one decision,' and that its finding to the contrary is 'arbitrary and unreasonable.'" *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (per curiam) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

The mandamus record shows that the only parties involved in the trial court were the Relators and the Real Parties in Interest and that the only claim in the trial court concerned access to the Records. Consequently, based on the mandamus record, it appears that the complained-of order disposed of all parties and all claims in the trial court and was an appealable, final order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001). As a result, based on the mandamus record, Relators have not demonstrated that they do not have an adequate remedy at law.

Accordingly, we deny the petition for a writ of mandamus.[3]


                                        Jeff Rambin
                                        Justice


Date Submitted:        June 7, 2024
Date Decided:          June 10, 2024

---

[3]As a result of our decision, we deny Relator's "Emergency Motion for Temporary Relief" as moot.