

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00065-CV

IN RE ROBERT RUTHSTROM

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Robert Ruthstrom has filed a petition for a writ of mandamus asking this Court to compel the judge of the 202nd Judicial District Court of Bowie County, Texas, to reverse its ruling denying Ruthstrom's motion to set aside a settlement agreement. Because Ruthstrom has not shown that he is entitled to the extraordinary remedy of mandamus relief, we deny his petition.

In 2019, Robert Ruthstrom sued Andrea Cotton for injuries resulting from a car accident. On March 15, 2024, the parties reached a settlement agreement. As a result, Ruthstrom asked the trial court to remove the case from the March 19 jury trial docket. Even so, in April, Ruthstrom filed a petition to set aside the settlement and asked for a jury trial. On August 20, 2024, the trial court denied Ruthstrom's motion to set the settlement agreement aside.

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The writ will issue 'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'" *Id.* (quoting *Holloway v. Fifth Ct. of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding)).

Mandamus relief is available "only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig. proceeding)). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding principles. *Walker*, 827 S.W.2d at 839.

The party seeking mandamus relief has the burden to provide the Court with a sufficient record to support its requested relief. *Id.* at 837. "[T]he relator[s] 'must establish that the trial court could reasonably have reached only one decision,' and that its finding to the contrary is 'arbitrary and unreasonable.'" *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (per curiam) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

We have examined and fully considered the petition for a writ of mandamus, the mandamus record, the response of the real party in interest, and the applicable law. After doing so, we find that Ruthstrom has not met his burden to obtain the extraordinary remedy of mandamus relief. Accordingly, we deny the petition for a writ of mandamus.

Jeff Rambin
Justice

Date Submitted:      October 7, 2024
Date Decided:        October 8, 2024

3