# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00135-CV

In re Texas Department of Family and Protective Services

### Original Proceeding

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Relator, the Texas Department of Family and Protective Services, seeks mandamus relief against the Honorable David Hilburn, Judge of the 361st District Court of Brazos County, Texas. The Department complains of Respondent's April 11, 2025 order directing it to pay caregiver assistance payments totaling $12,942.36. We conditionally grant the writ.

## BACKGROUND

An associate judge signed the "Order of Termination and Final Order" in the underlying suit affecting the parent-child relationship on September 22, 2023. The order terminated the mother's rights to the children, S.M. and K.M., appointed the children's father, who is incarcerated, as possessory conservator, appointed the Department as permanent managing conservator, and placed

the children with fictive kin caregiver,[1] Wendy Dobbs. Without a de novo hearing, Respondent, the presiding judge of the 361st District Court adopted the associate judge's 2023 orders. Thereafter, the Department provided Dobbs with kinship payments to provide monetary assistance to the caregiver for a total of fifteen months, ending in October 2024.[2]

On January 17, 2025, the father's attorney filed a motion for continued payment of kinship benefits, explaining that he understood that current benefits would terminate at the end of that month. On February 5, a hearing was held on the motion before the associate judge. Father's counsel explained that it was his understanding that the Department cannot continue to pay the benefits without a court order. The attorney ad litem for the children opined that continued payment is in the best interest of the children. The court asked counsel for the Department if there is some legal prohibition to continued payment, other than an order. Counsel for the Department responded with, "my understanding is it's a policy issue." The court asked if there is a statute

---

[1] Fictive kin or kinship care refers to the care of a child by relatives or close family friends. *See Tex. Dep't of Family and Protective Servs. Child Protective Servs. Handbook*, § 6600 (Dec. 2023).

[2] There is no documentation in the record showing how or when these payments originated. However, according to the Department's brief in support of its request for a de novo hearing, the payments began in July 2023.

or rule prohibiting it from ordering kinship funds to be continued. Counsel responded with, "Not that I'm aware. It's just policy."

Child protective services kinship worker Sheree Mathis testified that the caregiver "received [kinship payments] for a whole year, then extension for additional six months." She believes it is the Department's policy that they cannot continue to pay the funds without a court order, but she was "not quite sure on how that works." She was not aware of any legal reason the funds would not be paid if an order is issued. Mathis stated that payment is in the best interest of the children and would be beneficial to them. She explained that originally, the provider received $12.67 per child, per day but as of January 2025 the payments have increased to $23.45 per child, per day.

Wendy Dobbs, the caretaker, testified that she stopped receiving kinship funds in October 2024. While she has been able to make it work, not receiving the kinship funds has made it more difficult to care for the girls.

By an order signed on February 6, 2025, the associate judge granted the motion for continued payment of kinship benefits, ordering the Department to pay monthly installments from February through August 2025, at a daily rate of $23.45 per day, per child, and further ordering the Department to pay a total of $2,999.64 as retroactive payments for November and December 2024, and

January 2025. On February 10, 2025, the associate judge, sua sponte, filed findings of fact and conclusions of law. The court found no evidence "to demonstrate or even suggest that ordering retroactive and/or current kinship funds was prohibited by federal or state statute or rule" and that "clear, convincing, uncontroverted credible evidence was presented" that ordering payment of kinship funds, both retroactive and current, is in the best interest of each child. The court's conclusions of law mirrored the findings of fact.

The Department promptly requested a de novo hearing before Respondent. Challenging the associate judge's order, the Department asserted it has statutory authority to determine eligibility criteria and which services to provide. Further, the Department argued that the order violates Texas law by ordering continued kinship payments even though the placement no longer qualified for them.

A de novo hearing was held on March 4, 2025. Respondent listened to arguments of the parties' counsel and, without hearing testimony or receiving additional evidence, denied the Department's request to vacate the February 6 order. By written order signed April 11, 2025, Respondent adopted the February 6 order and the February 10 findings of fact and conclusions of law.

The Department filed a motion for temporary emergency relief in this Court asking for a stay of further orders regarding funding to the children's placement and any contempt proceedings, sanctions, or any enforcement action stemming from the April 11, 2025 order. The Department simultaneously filed a petition for writ of mandamus asking this Court to vacate Respondent's order of April 11, 2025. At our request, the real parties in interest filed a response to the petition for writ of mandamus.

**CAREGIVER ASSISTANCE**

In its petition, the Department asserts the trial court's order violates Texas Family Code provisions controlling the Relative and Other Designated Caregiver (RODC) program. The statute gives the Department the authority to award up to twelve months of cash assistance to qualifying caregivers and the discretion to award up to six months of additional payments. The Department argues that the order requires the Department to pay funds not authorized by law.

The real parties in interest, the children and their father, filed a response to the petition asserting that the trial court has continuing jurisdiction over the children, and must review the conservatorship and the substitute care provided to the children. They contend that the trial court had the

responsibility to determine if good cause existed for paying the caregiver for an additional three months, considering the best interests of the children. They note there were no facts provided as to good cause or the lack of good cause for not paying the remaining three months of kinship payments. They request this Court deny the portion of the Department's petition for writ of mandamus concerning the trial court's order to pay the three retroactive payments. The response is silent as to the portion of the trial court order to pay from February through August 2025.

**Standard of Review**

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion, and the relator lacks an adequate appellate remedy. *In re H.E.B. Grocery Co. L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it is a clear and prejudicial error of law or if it fails to correctly analyze or apply the law to the facts. *Id.* at 302-03; *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

In reviewing findings of fact in a mandamus proceeding, we cannot substitute our judgment for that of the trial court. *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (orig. proceeding) (per curiam). Instead, the relator must establish that the trial court could reasonably have reached only one decision, and that its finding to the contrary is arbitrary and unreasonable. *Id.* Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by sufficient evidence. *In re La. Tex. Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 690 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

**Relative or Other Designated Caregiver Program**

In cases where the Department has been appointed managing conservator, it is authorized to place the children with a relative or other designated caregiver. *See* TEX. FAM. CODE ANN. §§ 264.751-.762. The Department shall, subject to the availability of funds, enter into a caregiver assistance agreement with each relative or other designated caregiver to provide monetary assistance and additional support services to the caregiver, based on a family's need. *Id.* § 264.755(a). Monetary assistance is available to a caregiver who has a family income that is less than or equal to 300 percent of the federal poverty level. *Id.* § 264.755(b). Monetary assistance under this

section may not exceed fifty percent of the Department's daily basic foster care rate for the child. *Id*. The Department may not provide monetary assistance to an eligible caregiver under subsection (b) after the first anniversary of the date the caregiver receives the first monetary assistance payment. *Id*. § 264.755(b-1). The Department, at its discretion and for good cause, may extend the monetary assistance payments for an additional six months. *Id*.

**Analysis**

Based on counsel's statements, the associate judge found "no evidence" that the father's request for additional caregiver assistance was prohibited by statute, and concluded no statute would prohibit the court from granting the motion for retroactive and current kinship funds. At the de novo hearing, the Department cited the applicable statute and explained the RODC program to Respondent. Nonetheless, Respondent adopted the associate judge's findings and conclusions. While the Department may have been remiss in not drawing the associate judge's attention to the applicable statute, it was not required to produce evidence of the statute. Moreover, trial judges are presumed to know the law and to apply it in making their decisions. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled, in part, on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

The Department is required by statute to implement the RODC program. *See* TEX. FAM. CODE ANN. § 264.752(a). The statute provides that, subject to the availability of funds, and based on a family's need, the Department *shall* enter into a caregiver assistance agreement with a designated caregiver to provide monetary assistance. *Id*. § 264.755(a). The Department *shall* provide monetary assistance to a caregiver whose family income is within the limits described in the statute. *Id*. § 264.755(b). The statute limits assistance to an eligible caregiver to twelve months. *Id*. § 264.755(b-1). Thereafter, the Department "at its discretion and for good cause" may pay the caregiver up to six more months. *Id*.

The record contains no evidence as to the current availability of funds to provide further assistance to Dobbs, a statutory prerequisite. *See id*. § 264.755(a).

Although Dobbs qualified for RODC assistance in the summer of 2023, the record contains no evidence of Dobbs's income or financial circumstances at any time during this process. When testifying, Dobbs agreed with counsel for the father that, although not having the funds makes it more difficult, she has been able to make it work without kinship funds. Thus, the record does not show that Dobbs continued to fall within the statutory income limits to

qualify for kinship payments from October 2024 until the time of the hearing, as required by the statute. *See id.* § 264.755(b).

Furthermore, after receiving the initial twelve-monthly payments, the Department determined that good cause existed to continue the payments for an additional three months. In its discretion, the Department declined to provide assistance for the remaining three months authorized by statute. The record contains no explanation for these determinations.

It is the overall scheme of the family code and an overriding policy that the best interest of the child is always paramount. *See id.* § 264.754(b) (placement with caregiver); *id.* § 153.002) (conservatorship, possession or access); *id.* § 154.122(b) (child support); *id.* § 156.402(b) (modification of child support order); *id.* § 153.007(b) (agreed parenting plan). Here, a child protective services kinship worker testified that ordering additional funds to be paid is in the children's best interest, is beneficial to the children, and will help meet their needs. Similarly, Dobbs testified that having funds for the previous three months would be in the best interest of the children. However, conclusory statements are not evidence. *See In re M.B.G.*, No. 05-23-00505-CV, 2024 Tex. App. LEXIS 3072, at *14 (Tex. App.—Dallas May 2, 2024, no pet.) (mem. op.); *In re L.C.L.*, 599 S.W.3d 79, 85 (Tex. App.—Houston [14th

Dist.] 2020, no pet.) (en banc). Also, the attorney ad litem for the children advised the court that he believes continued payment of the kinship funds is in the best interest of the children. Likewise, arguments of counsel are not evidence. *Abila v. Miller*, 683 S.W.3d 842, 848 (Tex. App.—Austin 2023, no pet.). Therefore, there is no evidence to support the finding and conclusion that ordering payment of retroactive and current kinship funds is in the best interest of the children. Therefore, the evidence allows for only one decision and the finding to the contrary is arbitrary and unreasonable. *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d at 780.

Furthermore, even if the record supported a determination that the funds were available, Dobbs still qualified, and additional payments were in the children's best interest, the trial court award of ten months of payments, plus the fifteen months of payments previously provided by the Department, exceeds the eighteen months of payments potentially available under Section 264.755(b-1). *See* Tex. Fam. Code Ann. § 264.755(b-1).

Respondent's adoption of the associate judge's February 6, 2025 order is an abuse of discretion. *See In re H.E.B. Grocery Co. L.P.*, 492 S.W.3d at 302-03. Accordingly, we sustain Relator's sole issue presented in this mandamus petition.

<strong>CONCLUSION</strong>

Based on the foregoing, we conditionally grant mandamus relief. *See In re Acceptance Ins. Co.*, 33 S.W.3d at 448. We direct Respondent to vacate his April 11, 2025 order adopting the associate judge's February 6, 2025 order and the findings of fact and conclusions of law signed on February 10, 2025. The writ will issue only if Respondent fails to act as directed herein within twenty-one days of this opinion.

We deny Relator's motion for temporary emergency relief.

<br>

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: June 26, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Writ conditionally granted
Motion for emergency relief denied
OT06

