In re DALLAS PETERBILT,
LTD., L.L.P., Relator.

No. 05–0706.

Supreme Court of Texas.

June 16, 2006.

David Watkins, Kevin Robinowitz, Jenkins & Watkins, Dallas, for Relator.

Jeffrey C. Mateer, Randal Craig Shaffer, Mateer & Shaffer, L.L.P., Dallas, for Real Party In Interest.

PER CURIAM.

In this original proceeding, relator Dallas Peterbilt, Ltd., L.L.P. seeks to compel arbitration of claims filed by its former employee, William Harris. The trial court denied Peterbilt's motion to stay proceedings and to compel arbitration, and the court of appeals summarily denied mandamus relief. 193 S.W.3d 580. Because the parties entered into a binding arbitration agreement that covers Harris's claims, we conclude that the trial court abused its discretion in denying Peterbilt's motion to compel arbitration. We conditionally grant mandamus relief.

On January 1, 1999, American Truck-Source, Inc., Peterbilt's holding company, instituted a dispute resolution program. Part of this program required employees to resolve certain work-related disputes via binding arbitration. When Harris commenced his at-will employment with Peterbilt in December 1999, he received a copy of a "Summary Plan Description of Mutual Agreement to Arbitrate Claims" (Summary), which outlined the Mutual Agreement to Arbitrate Claims. Harris claims he never received the Mutual Agreement to Arbitrate Claims, which is part of the record, but he signed an acknowledgment form indicating that he received the Summary and understood that by accepting employment, he was relinquishing his right to resolve covered claims "by filing a lawsuit or seeking damages in any federal, state, or municipal court of law . . . ." The Summary's list of covered claims includes tort, discrimination, harassment, wrongful termination, and also "[c]laims for a violation of any federal, state, or other governmental law." In March 2002, Peterbilt terminated Har-

ris's employment, and in 2003, rather than request arbitration, Harris filed suit against Peterbilt in state district court for discrimination, retaliation, defamation, and other torts. Peterbilt then sought to compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

■ An employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it. *In re Dillard Dep't Stores, Inc.,* 181 S.W.3d 370, 375 (Tex.App.2005) (per curiam) (citing *In re Halliburton Co.,* 80 S.W.3d 566, 568 (Tex.2002)). In granting mandamus relief in *Halliburton,* we stressed the importance of notice and emphasized that the employee there received a one-page summary of the agreement to arbitrate. 80 S.W.3d at 568–69; *see also Hathaway v. Gen. Mills, Inc.,* 711 S.W.2d 227, 229 (Tex. 1986) (holding that notice is provided if the employee has knowledge of the employment terms). Harris argues that the Summary is immaterial and that only the underlying agreement itself, which he says he never received, can provide notice. We disagree. When determining whether an employee received notice of a binding arbitration agreement, our cases do not confine that "notice analysis" to the underlying agreement, but to all communications between the employer and employee. *See In re Halliburton Co.,* 80 S.W.3d at 569 (holding that a notice and summary given to the employee was unequivocal notice); *Hathaway,* 711 S.W.2d at 229 (holding that contradicting written and oral communications did not constitute conclusive proof of unequivocal notice).

The six-page Summary and accompanying signed acknowledgment form notified Harris that arbitration would be required for resolving covered claims and specifically described which claims are covered un-

der the plan. Harris contends he did not receive the Summary either. But the acknowledgment form states, right above his signature: "I acknowledge that I have received and carefully read or been given the opportunity to read the [Summary]." Consequently, we find that Peterbilt's Summary constitutes effective notice because it unequivocally provided Harris with knowledge of the arbitration agreement. *See In re Dillard Dep't Stores, Inc.*, 181 S.W.3d at 373.

 Having established that Harris received notice of the binding arbitration agreement, we next determine whether Harris accepted the agreement. An at-will employee who receives notice of an employer's arbitration policy and continues working with knowledge of the policy accepts the terms as a matter of law. *Id.* It is undisputed that Harris was an at-will employee, and his signed acknowledgment form indicates that continuing or accepting employment will result in automatic coverage under the dispute resolution program. Therefore, we find that by signing the acknowledgment form and commencing his employment, Harris accepted the agreement as a matter of law.

In order to compel arbitration, Peterbilt must also show that the claims raised fall within the scope of the agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999) (per curiam). Harris sued Peterbilt for race discrimination, retaliation, tortious interference, defamation, and intentional infliction of emotional distress. The Summary provides that the agreement covers claims for tort, discrimination, wrongful termination, and violation of law. The Mutual Agreement to Arbitrate Claims confirms that those claims are covered. We hold that the claims covered under the agreement include all claims that Harris brought against Peterbilt.

We conclude that a valid arbitration agreement exists and that Harris's claims fall within the scope of the agreement. The trial court clearly abused its discretion in denying Peterbilt's motion to compel arbitration. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992) (noting there is no adequate remedy by appeal for a party denied its contracted-for arbitration right under the FAA). Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus. TEX. R. APP. P. 52.8(c). We order the trial court to vacate its order denying Peterbilt's motion to compel arbitration and to enter a new order compelling arbitration of Harris's claims. The writ will issue only if the trial court fails to comply.