Affirmed and Memorandum Opinion filed April 24, 2007








Affirmed and Memorandum Opinion filed April 24, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00992-CV

____________

 

ANTHONY PERKINS, Appellant

 

V.

 

WILLIAM ULRICH D/B/A MORRISON HOMES
AND GEORGE WIMPEY OF TEXAS CORP., Appellees

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 2003-64475

 



 

M E M O R A N D U M   O P I N I O N








Appellant Anthony Perkins sued appellee William Ulrich
doing business as Morrison Homes (AMorrison@)[1]
for breach of contract and various tort and quasi-contract claims.  Perkins
also sued Ulrich individually on the tort and quasi-contract claims.  Morrison
moved for summary judgment on its and Ulrich=s behalf, which
the trial court granted as to all claims and then rendered a final take-nothing
judgment.  Perkins appeals, contending that material fact issues preclude
summary judgment.  Because Morrison showed that it and Ulrich are entitled to
judgment as a matter of law, we affirm.

I.  Factual and Procedural Background

William Ulrich, former President of Morrison Homes, offered
Anthony Perkins a position as a senior sales associate for new homes in August
2001, and Perkins accepted.  Ulrich and Perkins agreed that Perkins would
receive a two percent commission on all sales.  On August 13, 2001, Perkins
began working for Morrison and signed an acknowledgment in Morrison=s employee
handbook that his employment could be terminated by either party with or
without cause or notice.  The acknowledgment also provided that Morrison could Arevise, rescind or
modify [its policies] at any time@ and that Perkins
would be bound by any such change.  That same day, Perkins signed an
acknowledgment stating that he had received a copy of the company=s ASales Staffing and
Compensation Policy.@[2]  This policy
included a section providing that if a sales associate is no longer employed on
the date a sale closes, the sales associate will be paid less than a full
commission according to a phase-out schedule.  In September 2001, Morrison
changed this policy to provide that a sales associate would receive eighty
percent of his commission if the sale closed within one month of his employment
ending and none if it closed thereafter.  On September 10, 2001, Perkins signed
an acknowledgment that this amended compensation policy would be effective
January 1, 2002.  This amended compensation policy underlies this dispute.








Morrison terminated Perkins on August 26, 2002 after
Perkins had a conflict with a supervisor.  Because some sales had not closed at
the time of termination, Perkins did not receive the full commission on all of
his sales.  Instead, Morrison paid Perkins according to the amended
compensation policy.  When Perkins did not receive his full commission, he sued
Ulrich and Morrison for breach of contract, fraud, negligent misrepresentation,
fraudulent inducement, and unjust enrichment and quantum meruit.  Perkins does
not dispute that Ulrich correctly applied the amended compensation policy. 
Rather, he contends the policy does not apply to him because when he accepted
the position, Ulrich implicitly agreed to pay him a two percent commission on
all sales, regardless of when they were finally closed in relation to
termination.  Perkins bases his assumption on Ulrich=s knowledge of
Perkins=s past
compensation arrangements with other employers.  Perkins admits that there had
been no discussion about how termination would affect compensation and that
there was no express oral agreement on the issue.

The trial court granted summary judgment as to all claims
in favor of Morrison and Ulrich.  In one issue, Perkins claims the trial court
erred in granting summary judgment.

II.  Analysis

A.      Standard
of Review








Morrison moved for summary judgment on both traditional and
no-evidence grounds. See Tex. R.
Civ. P. 166a(c), 166a(i).  To prevail on a traditional motion for
summary judgment, the movant must show that there is no genuine issue of
material fact and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec.
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  If the movant
conclusively negates at least one essential element of the cause of action,
then he is entitled to summary judgment on that claim.  Grant, 73 S.W.3d
at 215.  When we review a summary judgment, we take as true all evidence
favorable to the non-movant; we also indulge every reasonable inference and
resolve any doubts in favor of the non-movant.  Id.  As to a no-evidence
summary judgment motion, the movant must state the specific elements of a cause
of action for which there is no evidence.  Cuyler v. Minns, 60 S.W.3d
209, 212 (Tex. App.CHouston [14th Dist.] 2001, pet. denied). 
If the movant has identified specific elements he claims lack evidence, we must
then determine de novo whether the non-movant has produced more than a
scintilla of probative evidence to raise a genuine issue of material fact.  Allen
v. Connolly, 158 S.W.3d 61, 64 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  A no-evidence summary judgment motion must be granted
unless the non-movant produces competent summary judgment evidence raising a
genuine issue of material fact.  Id.  

If a trial court does not specify the grounds it relied
upon in granting the motion, we will affirm if any of the grounds are
meritorious.  Oliphint v. Richards, 167 S.W.3d 513, 516 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  The trial court below granted the motion on both
traditional and no-evidence grounds.  However, because we determine that
Morrison was entitled to summary judgment on traditional grounds, we do not
reach the no-evidence grounds. 

B.      Trial
Court Properly Granted Summary Judgment

AAt will employment exists when the parties
do not limit the ability of either employer or employee to terminate employment
at their will.@  Goodyear Tire & Rubber Co. v. Portilla,
879 S.W.2d 47, 48 n.1 (Tex. 1994).  The parties do not dispute that Perkins was
an at-will employee.  However, even in at-will employment situations, the
parties can contract on other employment matters except those that would limit
the ability of either party to terminate employment at will.  Light v.
Centel Cellular Co., 883 S.W.2d 642, 644 (Tex. 1994).  Employers may modify
such agreements, but for the modification to be enforceable, the employer must
prove both that it notified the employee and that the employee accepted the
change.  See In re Dillard Dep=t Stores, Inc., 198 S.W.3d 778,
780 (Tex. 2006) (orig. proceeding); Hathaway v. Gen. Mills, Inc., 711
S.W.2d 227, 229 (Tex. 1986).  To prove notice, an employer asserting the
modification must prove that it unequivocally notified the employee of definite
changes in employment terms.  Dillard Dep=t Stores, 198 S.W.3d at
780; Hathaway, 711 S.W.2d at 229.  If the employee continues working
with knowledge of the changes, then he has accepted them as a matter of law.  Dillard
Dep=t Stores, 198 S.W.3d at 780; Hathaway,
711 S.W.2d at 229.








We conclude summary judgment was proper because Morrison
proved these two elements as a matter of law as to its amendment to the
compensation policy.  Morrison clearly notified all employees, including
Perkins, of the change in its compensation policy.  Perkins does not dispute
that he knew about the amended compensation policy, but he argues that he did
not accept the change.  When he learned of the new policy and was asked to sign
the acknowledgment form, Perkins initially refused.  Ulrich told him that if he
did not sign, he would not receive the commission he was due, and so Perkins
signed the acknowledgment, even though he did not want to do so.[3] 
Perkins claims that because he signed under protest, he never accepted the
change to the compensation policy.  We disagree.  The Texas Supreme Court has
specifically held that if an employer unequivocally notifies an employee of a
change and the employee continues to work, even under protest, the employee has
accepted the change.[4] 
See Dillard Dep=t Stores, 198 S.W.3d at
780B81 (finding that
employee who refused to sign form acknowledging new arbitration policy but
continued working accepted policy as a matter of law).  Even though he did not
like it, Perkins was notified of the change, and he signed the acknowledgment
form.  He could have quit his job and pursued legal remedies for any unpaid
commissions, but he did not.  See Hathaway, 711 S.W.2d at 229.  Instead,
he continued working for nearly a year until he was terminated.  This
constitutes acceptance as a matter of law.  See Dillard Dep=t Stores, 198 S.W.3d at
780; Hathaway, 711 S.W.2d at 229; accord In re Dallas
Peterbilt, Ltd., 196 S.W.3d 161, 163 (Tex. 2006) (orig. proceeding); In
re Halliburton Co., 80 S.W.3d 566, 568B69 (Tex. 2002)
(orig. proceeding).  Thus, even if Perkins made a separate, binding agreement
regarding post-termination compensation at the time he was hired, his
acceptance of the amended compensation policy superseded any such agreement.  See
Bell v. Phillips, No. 14-00-01189-CV, 2002 WL 576036, at *7 (Tex. App.CHouston [14th
Dist.] Apr. 18, 2002, no pet.) (not designated for publication) (A[B]y continuing
with [his employer] and accepting the modifications in the commission
structure, [employee] gave up any right to claim anything other than
commissions owing under the parties= modified
agreement.@); accord Werden v. Nueces County Hosp.
Dist., 28 S.W.3d 649, 652 (Tex. App.CCorpus Christi
2000, no pet.); Gamble v. Gregg County, 932 S.W.2d 253, 256 (Tex. App.CTexarkana 1996, no
writ).

Perkins does not dispute that Morrison paid him all he was
due under the amended compensation policy.  Thus, his claim for breach of
contract fails as a matter of law.  Further, because Perkins=s fraud, negligent
misrepresentation, and fraudulent inducement claims all relate to his initial
compensation arrangement, which was superseded by his acceptance of the amended
compensation policy, and because he has been fully paid under that policy,
those claims fail as a matter of law as well.  Finally, because an express
contract covers the subject of this dispute, Perkins cannot, as a matter of
law, recover under an unjust enrichment or quantum meruit theory.  See
Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000); Dardas
v. Fleming, Hovenkamp & Grayson, P.C., 194 S.W.3d 603, 620 (Tex. App.CHouston [14th
Dist.] 2006, pet. denied).  Thus, we conclude the trial court did not err in
granting summary judgment.

 








We overrule appellant=s issue and affirm
the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed April 24, 2007.

Panel
consists of Justices Yates, Anderson, and Hudson.









[1]  George Wimpey of Texas Corp. evidently no longer
exists and, as discussed in the trial court, was not a proper party to the
suit.  No issues in this appeal involve George Wimpey of Texas Corp.  We include
its name in the case style only because the parties do so.





[2]  The parties disagree as to whether Morrison actually
provided Perkins a copy of the policy at this time.





[3]  Perkins claims he signed the acknowledgment form
under duress because Ulrich threatened to withhold his commissions.  To prove
economic duress, Perkins must show, among other things, that the threat Adestroys the victim=s
free agency and leaves him without a present means of protection.@  Wright v. Sydow, 173 S.W.3d 534, 544 (Tex.
App.CHouston [14th Dist.] 2004, pet. denied); see also
Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  Perkins failed to show
this.  Perkins could have quit and pursued any legal measures necessary to
ensure he recovered any unpaid commissions, but he chose to continue working
and planned to Adeal with it later.@ 
This does not constitute economic duress as a matter of law.  See Wright,
173 S.W.3d at 544 (noting that when the courts can provide the victim adequate
protection, there is no duress); ABB Kraftwerke Aktiengesellschaft v.
Brownsville Barge & Crane, Inc., 115 S.W.3d 287, 294 (Tex. App.CCorpus Christi 2003, pet. denied) (finding no duress
when party could have refused to execute contract and thereby suffered
inconvenience, noting that A[t]he mere fact
that a person enters into a contract with reluctance, or as a result of the
pressures of business circumstances, does not, of itself, constitute economic
duress@).





[4]  Perkins relies on Hathaway to argue that his
continued employment under protest does not constitute acceptance.  In Hathaway,
after the employer changed sales commission rates, the employee complained to a
supervisor, who told the employee not to worry about the rate change and that
he would take care of it.  See 711 S.W.2d at 229.  The supreme court
concluded that because of conflicting signals from management regarding the
applicability of the rate change, the employer had never unequivocally notified
him of a change.  Id.  Thus, A[w]ithout
proof of unequivocal notification, [the employee]=s continued employment under protest did not equal acceptance as a
matter of law.@  Id.  In this case, Morrison notified Perkins
of the compensation policy amendment, and no one ever suggested that the change
would not apply to Perkins.  Indeed, Ulrich told Perkins that he would not be
paid until he signed the form acknowledging the change, and Perkins signed it. 
Thus, because Morrison unequivocally notified Perkins of the change, Hathaway
is distinguishable.