# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00711-CV

---

**Rita Murdock, Appellant**

**v.**

**Trisun Healthcare, LLC d/b/a Park Place Health Center, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-07-003108, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

The trial court correctly confirmed the parties' arbitration award because Murdock and her employer Trisun had a binding agreement to arbitrate workplace injury claims. As such, I respectfully dissent.

I would hold that Trisun met its burden to prove the existence of a valid arbitration agreement covering Murdock's claims, notice to Murdock of that arbitration agreement, and acceptance of that agreement by Murdock. In August 2005, before the injury at issue here, Murdock attended a meeting at which Trisun informed its staff that it did not subscribe to the workers' compensation system for employee injury claims, but rather had implemented an employee "injury protection plan" and arbitration policy. In fact, Murdock signed an "Acknowledgment of Arbitration Agreement and Attendance," stating:

I acknowledge my attendance and my acceptance of the ARBITRATION AGREEMENT at the company's meeting today to announce the implementation of the TRISUN Healthcare Associate Injury Protection Plan. I understand that the Company has elected not to purchase Workers' Compensation Insurance and is a nonsubscriber to the Workers' Compensation System. I received my personal copies of the following noted Materials [Summary Plan Description booklet, Highlights Brochure, and Arbitration Agreement], which were read and/or discussed during the meeting.

Murdock's workplace injury, the subject of her underlying suit, occurred after she attended this meeting, received copies of the actual arbitration agreement and other listed materials, and signed the above Acknowledgment.

Under Texas law, an employer may enforce an arbitration agreement if the employer establishes that the employee received notice of its arbitration policy and accepted it. *In re Dallas Peterbilt Ltd.*, 196 S.W.3d 161, 162 (Tex. 2006) (citing *In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) (per curiam); *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002)). Although the record reflects that Trisun did not require Murdock to sign the new arbitration agreement, Trisun submitted with its motion to compel arbitration Murdock's signature on the above-described Acknowledgment, showing that she received notice of the arbitration agreement and a copy of it. *See Peterbilt*, 196 S.W.3d at 163; *Dillard*, 198 S.W.3d at 780; *Halliburton*, 80 S.W.3d at 568-69. An at-will employee who receives notice of an employer's arbitration policy and continues working with knowledge of the policy accepts the terms as a matter of law. *Peterbilt*, 196 S.W.3d at 163; *Dillard*, 198 S.W.3d at 780. In this case, Murdock's signed Acknowledgment established not only that she received notice and a copy of the Trisun arbitration agreement, but that she accepted it.

2

Trisun also submitted to the trial court Murdock's agreement to arbitrate claims with her prior employer, Trisun affiliate PM Leasing, along with uncontested affidavit testimony from Trisun employee Brianna Braden, stating that the new arbitration agreement between Trisun and Murdock was "substantially similar" to the prior agreement. While I agree with the majority that the scope of the arbitration agreement must encompass the claims at issue, I disagree with the holding that Trisun has not proven Murdock's workplace injury claims fall within the scope of her arbitration agreement with Trisun. Murdock's Acknowledgment, which Trisun put in the trial court record, plainly refers to an "injury protection plan" in lieu of workers' compensation coverage, and the arbitration agreement with PM Leasing, shown by uncontested affidavit testimony to be "substantially similar," expressly encompasses workplace injury claims. Further, the record contains no indication that Murdock ever contradicted Trisun's evidence or raised any argument in the trial court that she was not given notice of the scope of the agreement or that the agreement did not encompass injury claims. Thus, even if there were a question about whether the scope of the agreement reached Murdock's claims here, any such argument on appeal is waived. *See Nabors Drilling USA, LP v. Carpenter*, 198 S.W.3d 240, 249 (Tex. App.—San Antonio 2006, orig. proceeding) (concluding that because employee did not controvert his former employer's trial court proof about notice and acceptance of arbitration policy, those arguments were waived).

The majority also concludes that the trial court's ruling does not specify whether it is based on the agreement between Murdock and Trisun or Murdock and her former employer, PM Leasing. The plain language of the trial court's order compelling arbitration makes no mention of any agreement between Murdock and PM Leasing, but rather concludes "the arbitration agreement

3

between Rita Murdock and Trisun Healthcare, LLC is a binding agreement to arbitrate." Although Murdock's employment with PM Leasing had clearly ended by the time of her injury, the majority undertakes an analysis of the PM Leasing arbitration agreement in the alternative, asking whether Trisun, as an affiliate of PM Leasing, can compel arbitration under this prior arbitration agreement Murdock signed while working for PM Leasing. Despite the parties' focus on this prior agreement in their briefing, I would hold that the only relevance of Murdock's arbitration agreement from prior employment is to evidence the contents of Murdock's new agreement with Trisun, in light of Trisun's uncontested affidavit testimony that the two agreements were "substantially similar."

Because Murdock accepted a binding agreement to arbitrate workplace injury claims directly with Trisun, and because Trisun put on evidence of proper notice of that agreement and its scope through Murdock's signed Acknowledgment, uncontested affidavit testimony, and the "substantially similar" previous arbitration agreement, I would affirm the trial court's judgment confirming the results of the parties' binding arbitration.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Filed: May 9, 2013

4