

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00527-CV

**STAGG RESTAURANTS, LLC** d/b/a McDonalds #24388,
Appellant

v.

Fred **SERRA**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-17438
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: February 13, 2019

AFFIRMED

Stagg Restaurants, LLC d/b/a McDonald's #24388 appeals an order denying its motion to compel arbitration. McDonald's argues appellee Fred Serra's personal injury claim falls within the scope of an enforceable arbitration agreement. Because McDonald's failed to satisfy its burden to establish that Serra received notice of McDonald's arbitration policy, we affirm the trial court's order.

## PROCEDURAL BACKGROUND

In November 2014, Serra filed a lawsuit alleging McDonald's negligence caused personal injury he sustained while at work. McDonald's filed a motion to compel arbitration and an answer generally denying Serra's allegations. McDonald's also filed a brief, an affidavit, and exhibits in support of its motion to compel arbitration.

According to supporting documents McDonald's attached to its motion to compel, Serra received an occupational injury plan on July 19, 2013, containing an agreement to arbitrate disputes arising from personal injury sustained while on the job. In a sworn affidavit filed in response to the motion to compel, Serra stated he did not receive the occupational injury plan and was never notified about the arbitration provision. After the trial court heard and denied the motion, McDonald's timely appealed.

## MOTION TO COMPEL ARBITRATION

The sole issue on appeal is whether the trial court erred by denying McDonald's motion to compel arbitration. The arbitration agreement at issue provides the agreement is governed by the Federal Arbitration Act (FAA). "Under the FAA, a . . . party seeking to compel arbitration must establish the existence of a valid arbitration agreement and that the claims at issue fall within the scope of that agreement." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). "If the party seeking to compel arbitration meets this burden, the burden then shifts, and to avoid arbitration, the party opposing it must prove an affirmative defense to the provision's enforcement, such as waiver." *Id.* If the party seeking to compel arbitration does not meet this burden, then the party opposing the motion to compel need not prove an affirmative defense, such as waiver, to the provision's enforcement. *See id.*

**A. Standard & Scope of Review**

When parties file a motion to compel arbitration and a response, the "trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). But when, as here, "the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Id.*

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Henry*, 551 S.W.3d at 115. "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Id.* When, as here, the trial court does not make findings of fact and does not specify the basis for its order, we will infer the trial court made all findings necessary to support its order and we will affirm the order on any ground supported by the record. *See Paragon Indus. Applications, Inc. v. Stan Excavating, LLC*, 432 S.W.3d 542, 549 (Tex. App.—Texarkana 2014, no pet.).

**B. Notice of the Arbitration Agreement**

"An employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it." *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006) (orig. proceeding) (per curiam). When determining whether an employee received notice of an arbitration policy, we consider all communications between the employer and employee, not merely the underlying agreement. *Id.* "Notice is a fact question," and cases may "boil[] down to which version of facts the trial court credits." *Kmart Stores of Tex., L.L.C. v. Ramirez*, 510 S.W.3d 559, 569 (Tex. App.—El Paso 2016, pet. denied).

McDonald's argues Serra is bound by the arbitration policy contained in its occupational injury plan. Serra did not sign McDonald's occupational injury plan, but the arbitration policy outlined within it provided that the arbitration policy was a mandatory condition of employment to which the employee automatically agreed when accepting and continuing employment with McDonald's. "While this maneuver spares an employer from having to get an employee's physical signature on an arbitration agreement as a prerequisite to arbitral forum access, this practice is not without risk, . . . ." *Alorica v. Tovar*, No. 08-18-00008-CV, 2018 WL 6167963, at *3 (Tex. App.— El Paso Nov. 26, 2018, no pet. h.). "[R]elying on implied consent by notice can create potential fact issues on formation that can undermine an arbitration agreement's validity more easily than would a physical signature indicating that an employee affirmatively assents to arbitration." *Id.*

In support of its motion to compel arbitration, McDonald's produced the occupational injury plan, an affidavit from its business director George McClure, and copies of Serra's employment documents. McClure swore in his affidavit that Serra received a copy of the occupational injury plan. Yet Serra's employment documents did not include the occupational injury plan and none mention an arbitration agreement. One of the employment documents is titled "Initial Orientation," and contains a list of documents, but again the occupational injury plan is not listed. Another employment document titled "Hiring Packet Checklist" contains another list of other employment-related documents, but the occupational injury plan is again not listed. On the Hiring Packet Checklist, Serra initialed next to the HIPAA Authorization and "Authorization for Initial Treatment and Prescription Services" forms, indicating he had read and understood those forms. The Authorization for Initial Treatment and Prescription Services form, which is signed only by a McDonald's representative and not Serra, states: "You are authorized to provide medically necessary treatment and/or prescription services, subject to the terms of the Employer's occupational injury plan for conditions related to the reported injury." Although the form mentions

the occupational injury plan, the form does not state whether Serra received a copy of the plan, indicate whether Serra agreed to the plan, or mention the arbitration agreement contained in the plan. Similarly, the HIPAA Authorization form refers to the occupational injury plan, but does not state whether Serra received a copy of the plan, indicate whether Serra agreed to the plan, or mention the arbitration agreement contained in the plan. Serra produced his affidavit in his response, swearing he did not receive a copy of the occupational injury plan and was never notified about the arbitration provision.

None of Serra's employment documents show that Serra agreed to or had notice of the arbitration policy in the occupational injury plan. Although two of Serra's employment documents refer to the occupational injury plan, none of the documents state whether Serra received a copy of the plan, indicate whether Serra agreed to the plan, or mention the arbitration agreement contained in the plan. McDonald's only evidence showing that Serra was notified about the arbitration policy in the occupational injury plan was McClure's affidavit. But McClure's affidavit testimony was discredited by Serra's employment documents, which do not list the occupational injury plan among the forms and policies that Serra received at the initial orientation or within his hiring packet. Furthermore, although McClure swore in his affidavit that Serra received the occupational injury plan and was notified about the plan's arbitration policy, Serra swore in his affidavit that he did not receive the occupational injury plan and was not notified about the plan's arbitration policy.

Because the motion to compel arbitration and the response presented conflicting evidence as to whether Serra received notice of the arbitration policy, McDonald's had the burden to prove at an evidentiary hearing that Serra received notice of the arbitration policy. *See Jack B. Anglin Co.*, 842 S.W.2d at 269; *MP Ventures of S. Tex., Ltd.*, 276 S.W.3d at 529. At the hearing on McDonald's motion to compel arbitration, McDonald's presented no further evidence. *See Vireo,*

*P.L.L.C. v. Cates*, 953 S.W.2d 489, 490–91 & n.3 (Tex. App.—Austin 1997, pet. denied) (summarily overruling challenge to sufficiency of the evidence when trial court denied motion to compel arbitration when no evidence was received at hearing). Given the absence of evidence at the hearing on McDonald's motion to compel arbitration and the conflicting evidence produced in support of McDonald's motion, and Serra's response, we cannot say the trial court abused its discretion by denying McDonald's motion to compel arbitration. *See Henry*, 551 S.W.3d at 115; *Alorica*, 2018 WL 6167963, at *3; *Kmart Stores*, 510 S.W.3d at 569.

## CONCLUSION

McDonald's failed to satisfy its burden to establish that Serra agreed to the arbitration policy it asked the trial court to enforce. Because McDonald's did not meet this burden, Serra was not required to establish an affirmative defense, such as waiver, to the provision's enforcement. *See Henry*, 551 S.W.3d at 115. We therefore need not address McDonald's issue regarding waiver. We affirm the trial court's order denying McDonald's motion to compel arbitration.

Luz Elena D. Chapa, Justice